James ARTIS, Plaintiff,

v.

Edward LIOTARD, John Calvello, South Fallsberg, Police Department, Defendants.

No. 94 CV 3342.

United States District Court, S.D. New York.

July 26, 1996.

James Artis, Ossining, NY, pro se.

Monte J. Rosenstein, Rosenstein & Helhoski, P.C., Middletown, NY, for Defendants.

## MEMORANDUM DECISION and ORDER

PARKER, District Judge.

### FACTS

This *pro se* action for the violation of civil rights under 42 U.S.C. § 1983 is before the Court on defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, Robert James Artis, claims that defendant police officers, Edward Liotard and John Calvello, arrested him on December 23, 1992 without probable cause. He accordingly charges defendants Liotard, Calvello, and the South Fallsberg Police Department with violations of his rights under the Fourth and Fourteenth Amendments to the Constitution, pursuant to 42 U.S.C. § 1983, and under state law.

On December 23, 1992, Liotard and Calvello observed Artis engaged in what appeared to them to be a drug transaction with a man named Eli Torres. Torres was subsequently apprehended and questioned about the matter, at which point he signed a statement asserting that he purchased drugs from Artis. Based primarily on this signed statement, and on their own observations, Liotard and Calvello obtained a warrant for the arrest of Artis. The officers arrested him that same day.

An indictment charging Artis with the sale of narcotics on three different occasions was returned. The indictment was later dismissed, however, because the prosecutors failed to inform Artis before he testified before the Grand Jury that he was being charged with two other drug sales alleged to have taken place in November of 1992. Artis was later re-indicted on the two other drug charges, but the charges related to the December 23rd arrest were not pursued.

Artis now claims that defendants Liotard and Calvello carried out the December 23rd arrest without probable cause. Specifically, he claims that the statement of Torres is highly suspect, in that Torres could not speak or understand English; that at no time did any officer actually see drugs being passed from Artis to Torres; that defendants did not reveal the existence of the warrant or the statements of Torres at Artis's arraignment; that the prosecution failed to produce the arrest warrant during the criminal proceeding, indicating their lack of confidence in that document; that the defendants downplayed Torres's part in the alleged crime, proving their intent to maliciously conspire against Artis; and, finally, that Calvello and the South Fallsberg Police Department maintain a personal vendetta against him. He claims that all of these factors, taken together, indicate a lack of probable cause for his arrest on December 23, 1992.

### DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos*, 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1985)).

The responding party "must set forth facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A summary judgment motion cannot be defeated through mere speculation or conjecture. *See Pollis v. New School for Social Research*, 829 F.Supp. 584, 586 (S.D.N.Y.1993) (citing *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990)) (other citations omitted). Rather, the responding party must show the existence of a disputed material fact in light of the substantive law. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See McNeil*, 831 F.Supp. at 1082 (per curiam) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)) (other citations omitted). Finally, mindful of Artis's *pro se* status, this Court construes his arguments liberally. *See Mikinberg v. Baltic Steamship Co.*, 988 F.2d 327, 330 (2d Cir.1993).

■■■ No civil action is available to plaintiff under Section 1983 for an arrest made pursuant to a valid arrest warrant. *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). "The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished 'without due process of law.'" *Baker*, 443 U.S. at 145, 99 S.Ct. at 2695. "A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers—all of whom may be potential defendants in a [Section] 1983 action—is entirely consistent with 'due process of law.'" *Baker*, 443 U.S. at 145, 99 S.Ct. at 2695. A magistrate's finding of probable cause in issuing a warrant creates a presumption that probable cause existed, and is rebuttable only though proof of fraud, perjury or the misrepresentation or falsification of evidence. *See Dirienzo v. United States*, 690 F.Supp. 1149, 1154 (D.Conn.1988). Where probable cause exists for an arrest, there is no constitutional violation on which to ground a section 1983 action. *See Baker*, 443 U.S. at 144–45, 99 S.Ct. at 2694–95.

■■ Artis alleges that defendants did not have sufficient probable cause to arrest him on December 23, 1992, a contention he supports by pointing out certain deficiencies in the state's case against him, and by citing the state's own reluctance to pursue an indictment based upon that arrest. Artis fails, however, to provide any evidence to rebut the presumption of probable cause created by the issuance of the arrest warrant.

Artis first claims that Torres's statement is unreliable because Torres cannot read or speak English. As proof of this allegation, Artis introduces a portion of the transcript from his criminal trial in which Calvello stated that he spoke with Torres through an interpreter, an officer named Joe Lee. While this testimony might suggest that Torres cannot speak English, it does not support Artis's conclusion that Torres's signed statement was thus unreliable. Artis has not introduced any evidence tending to show that an interpreter was not used when Torres made the statement. In fact, Torres's statement is signed by Calvello and Joe Lee, the officer that Calvello testified served as an interpreter. Because the portion of Calvello's testimony submitted by Artis merely suggests that Torres communicated to the police through an interpreter, but does not in any way suggest that the interpreter was incompetent or that Torres's statement is otherwise unreliable, it fails to raise a genuine issue of material fact regarding the validity of the warrant upon which the presumption of probable cause rests.

Artis also claims that the defendants never actually saw drugs pass from him to Torres.

He confirms this proposition by providing a transcript of Calvello's testimony where Calvello stated specifically that he could not identify the object that was passed from Artis to Torres.

Courts have held, however, that probable cause may exist even when the precise identity of the item being exchanged is not known. Instead, courts have looked to the totality of the circumstances, including seized evidence, observations of the officers, the locale of the exchange, and so forth, as a basis for determining probable cause. *See, e.g., United States v. Gulsvig*, 46 F.3d 1147 (9th Cir.1995) ("Although the police did not actually see [arrestee] remove or place cocaine in the trunk of his car, the car's appearance, the coincidental timing of its arrival ... and the nexus between the house, the car, and the drugs found at the apartment all support the issuing judge's conclusion."); *United States v. Gomez*, 633 F.2d 999, 1007–1008 (2d Cir. 1980) (finding probable cause based on agents' prior observations and their hearing "classic sounds indicating destruction of evidence," despite agents not having seen drugs), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 194 (1981); *People v. Schlaich*, 218 A.D.2d 398, 640 N.Y.S.2d 885, 888 (1st Dept.1996) (holding that witnessing exchange of small item gave experienced police officers reason to infer that drug transaction was taking place, despite fact that no drugs were actually seen).

Here, defendants have submitted the affidavit of Liotard, in which he asserts that he and Calvello observed what appeared to be a drug transaction between Artis and Torres, that drugs were found in Torres's possession upon his arrest, that Torres made sworn statements implicating Artis in the sale of drugs, and that based upon this information the town judge issued the arrest warrant. Therefore, even if this Court were to accept as true Artis's allegation that the defendants did not see the drugs, that fact does not create a genuine issue of material fact as to the existence of probable cause.

Artis also claims that defendants failure to inform him of the existence of, or produce, the arrest warrant or Torres's statement until after his arraignment and preliminary hearing is evidence of their lack of confidence in the warrant. These alleged omissions, however, cannot support a section 1983 claim. *Cf. D'Souza v. United States,* 1992 WL 179217 *2 (E.D.N.Y.1992) ("Failure to show someone an arrest warrant when one exists is ... clearly not compensable").

Finally, Artis alleges a malicious police conspiracy against him, claiming that his prior criminal record has made him a target. However, Artis has not introduced any evidence of such a conspiracy; he merely claims that the police mysteriously omitted Torres's name from lab reports that should have ultimately incriminated both parties, and that, as such, the police have downplayed Torres's involvement in the entire incident. The lab report refers to "Robert James Artis, December 23, 1992" as its subject. Artis has not, however, provided this Court with any reason to believe that, under ordinary circumstances, Torres's name should have been on this report or any evidence that there was not a separate lab report listing Torres as its subject. The mere omission of Torres's name in these circumstances is simply not evidence from which a reasonable juror could infer a conspiracy.

In conclusion, because Artis has not submitted any evidence of fraud, misrepresentation, or bad faith with regard to the issuance of the arrest warrant, probable cause is presumed and defendants' motion for summary judgment is granted.

SO ORDERED.