■ QUEENSBORO FARM PRODUCTS, INC., Respondent, v GENERAL ACCIDENT INSURANCE COMPANY et al., Appellants. [678 NYS2d 663] —In an action, *inter alia*, to recover damages for breach of an insurance contract, the defendants appeal from an order of the Supreme Court, Westchester County (Silverman, J.), entered October 8, 1997, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

Allstate Insurance Company (hereinafter Allstate), not a

party to this action, commenced a declaratory judgment action against, among others, Queensboro Farm Products, Inc. (hereinafter Queensboro), General Accident Insurance Company (hereinafter General Accident), and Pennsylvania General Insurance Company. In that action Allstate sought, *inter alia*, a declaration that General Accident was obligated to defend and indemnify Queensboro in an underlying action entitled *Okang v Queensboro Farm Products, Inc.,* pending in the Supreme Court, Bronx County. Allstate moved for summary judgment on the issue of coverage and the motion was denied, largely due to the lack of evidentiary proof in support of the motion. Accordingly, because the motion was denied without the merits of the action having been determined, the doctrine of collateral estoppel does not serve to bar the instant litigation (*see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65).

Moreover, Queensboro is entitled to summary judgment in the instant case since it tendered sufficient evidence to demonstrate that coverage for the truck in question existed at the time of the accident and because the defendants have failed to establish that material issues of fact exist (*see, Zuckerman v City of New York,* 49 NY2d 557). Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.