Anthony J. MARTINETTI, III, and Phyllis Ann C. Martinetti, individually, and as Husband and Wife, Plaintiffs,

v.

THE TOWN OF NEW HARTFORD POLICE DEPARTMENT and the Town of New Hartford, Defendants.

No. 98–CV–1249.

United States District Court, N.D. New York.

Sept. 18, 2000.

Kalil & Kalil, P.C., Utica, NY (Waddie N. Kalil, of counsel), for plaintiffs.

Kernan and Kernan, P.C., Utica, NY (Matthew E. Hamlin, of counsel), for defendants.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiffs brought this action in state court alleging false arrest in violation of the federal constitution and various state common law torts.[1]  Defendant[2] removed the action to this court pursuant to 28 U.S.C. § 1441. Presently before the court is defendant's motion for summary judgment, which is opposed by plaintiffs. Oral

ter. Plaintiff has thus ratified the release agreement, and he may not now seek to avoid its consequences.

1. Plaintiffs withdrew their causes of action for malicious prosecution and abuse of process.

2. Plaintiffs concede that the New Hartford Police Department is not a separate entity that can be sued. Accordingly, the defendant Town of New Hartford will be referred to in the singular.

argument was heard on September 8, 2000, in Utica, New York. Decision was reserved.

## II. *FACTS*

On May 25, 1997, plaintiff Phyllis Ann C. Martinetti ("Mrs.Martinetti") wrote a check to pay for her purchases at Sears & Roebuck at the Sangertown Square Mall. The check was returned for insufficient funds. On July 11, 1997, a representative of Sears & Roebuck signed and issued an Information/complaint and Notice of Protest, the first step in initiating a misdemeanor criminal prosecution against Mrs. Martinetti for issuing a bad check. On July 24, 1997, the New Hartford Police Department sent a letter to Mrs. Martinetti notifying her of the prosecution, requesting that she appear at the police station to handle the matter within three days, and warning her that a warrant for her arrest would be issued if she failed to appear within that time period. On July 29, 1997, a New Hartford Town Justice issued a warrant for Mrs. Martinetti's arrest.

On August 5, 1997, the Otsego County Sheriff's Department arrested Mrs. Martinetti pursuant to the arrest warrant. A New Hartford Police Department officer then drove to West Winfield, Otsego County, where he obtained custody of Mrs. Martinetti, handcuffed her, and transported her to the New Hartford Police Station. Mrs. Martinetti was arraigned then released. The charges were later adjourned in contemplation of dismissal.

## III. *DISCUSSION*

### A. Summary Judgment Standard

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986); *Richardson v. New York State Dep't of Correctional Service*, 180 F.3d 426, 436 (2d Cir.1999). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Richardson*, 180 F.3d at 436; *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983). Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56; *Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. At that point the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348.

### B. False Arrest—Federal Claim

To establish a cause of action alleging false arrest and false imprisonment, under § 1983, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). A confinement is privileged if probable cause existed at the time of the arrest. *Decker v. Campus*, 981 F.Supp. 851, 856 (S.D.N.Y.1997). Thus, a claim for false arrest must fail if probable cause to arrest existed. *Singer*, 63 F.3d at 118. An arrest pursuant to a valid warrant is

presumptively made with probable cause. *Artis v. Liotard,* 934 F.Supp. 101, 103 (S.D.N.Y.1996). The presumption of probable cause can be rebutted only by a showing of "fraud, perjury, or the misrepresentation or falsification of evidence." *Id.*

 Here there is no dispute that the New Hartford town justice issued a warrant for the arrest of Mrs. Martinetti, and that she was arrested by the Otsego County sheriff pursuant to that warrant. Thus, a presumption arises that her arrest was with probable cause. *See id.* There has been no showing of fraud, perjury, or the misrepresentation or falsification of evidence in obtaining the warrant to rebut the presumption that the arrest was made with probable cause. *See id.* Accordingly, a claim for false arrest will not lie. *See id.* Plaintiffs' claim for false arrest brought pursuant to 42 U.S.C. § 1983 must be dismissed.

### C. State Law Claims

As plaintiffs' counsel noted at oral argument, all remaining claims with the exception of the false arrest claim are state law claims. The only claim over which this court had original jurisdiction having been dismissed, exercise of supplemental jurisdiction over the state law claims is declined, *see* 28 U.S.C. § 1367, and the matter is remanded to the New York state court from which it was removed.

### IV. *CONCLUSION*

Plaintiffs' false arrest claim will not lie, as the arrest was made with probable cause. Supplemental jurisdiction over the remaining state law claims is declined. Accordingly, it is

ORDERED that

1. Defendant's motion for summary judgment is GRANTED to the extent that the false arrest claim brought under 42 U.S.C. § 1983 is DISMISSED; and

2. This matter is remanded to the State of New York Supreme Court, Oneida County.

IT IS SO ORDERED.