Anthony J. MARTINETTI, III and Phyllis Ann C. Martinetti, Plaintiffs–Appellants,

v.

The TOWN OF NEW HARTFORD POLICE DEPARTMENT and The Town of New Hartford, Defendants–Appellees.

No. 00–9380.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Waddie N. Kalil, Kalil & Kalil, P.C., Utica, NY, for plaintiffs-appellants.

Matthew E. Hamlin, Kernan and Kernan, P.C., Utica, NY, for defendants-appellees.

Present WINTER, STRAUB and POOLER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiffs–Appellants Anthony and Phyllis Martinetti appeal from a Memorandum–Decision and Order filed September 18, 2000 by the United States District

Court for the Northern District of New York (David N. Hurd, *Judge*) granting summary judgment to the Town of New Hartford ("New Hartford")[1] on the Martinettis' federal claims and remanding the remaining state law claims to state court. On appeal, the Martinettis contend that the District Court erred by granting summary judgment because they have proffered sufficient evidence to raise a triable § 1983 claim.

On May 25, 1997, Phyllis Martinetti purchased merchandise from Sears & Roebuck ("Sears") in New Hartford, New York by issuing a personal check for $75.58. The check was drawn from a joint checking account that the Martinettis maintained at the Central National Bank located in Edmeston, NY. When issued, there were sufficient funds in the Martinettis' account to cover the check. However, subsequently and unbeknownst to the Martinettis, a former employer of Anthony Martinetti made several unauthorized electronic deposits and withdrawls to the account so that when presented for payment, the check was returned for insufficient funds.

On July 11, 1997, notary public Amy A. Topor prepared a Certificate of Protest and Notice of Dishonor, the first step in a prosecution for issuing a bad check in violation of New York Penal Law § 190.05(1), a Class B misdemeanor. In addition to engaging in a part-time business of protesting bounced checks for businesses in and around New Hartford, Topor was also employed as a secretary by the New Hartford Police Department. The Martinettis allege that the Certificate of Protest prepared by Topor was invalid, containing several material false statements including a representation that she personally pre-

sented the check for payment at the Central National Bank, when in actuality she merely telephoned the bank.

After Topor prepared the Certificate of Protest, a Sears representative signed and filed an Information/Complaint with the New Hartford Police Department. Thereafter, a letter was sent to the Martinettis requesting that Mrs. Martinetti appear within three days to answer the criminal charge. In response, Anthony Martinetti went to the New Hartford Police Station and met with Lt. Timothy P. O'Neill. There, Mr. Martinetti attempted to explain the situation and presented Lt. O'Neill with bank statements demonstrating that when written, there were ample funds in the account to cover the check—thereby demonstrating that Mrs. Martinetti could not have violated § 190.05(1), which requires that the issuer of the check "utter[ ] a check knowing that he ... does not then have sufficient funds with the drawee to cover it...." Lt. O'Neill, however, refused to examine the evidence and told Mr. Martinetti that "I am going to arrest [your wife]." The next day, Lt. O'Neill directed a subordinate to obtain an arrest warrant. After the warrant was issued by a town judge, Mrs. Martinetti was arrested by the Otsego County Sheriff's Department at her place of employment; later a New Hartford Police Department Officer drove to Otsego County where Mrs. Martinetti was handcuffed and transported to New Hartford for arraignment.

On August 19, 1997, the charges were adjourned in contemplation of dismissal. The Martinettis thereafter commenced an action for false arrest in violation of the federal constitution and several state common law torts. The case was removed to the District Court for the Northern Dis-

---

1. The Plaintiffs conceded below that the New Hartford Police Department is not a separate entity that can be sued; therefore, we will proceed, as did the District Court, by treating the Town of New Hartford as the sole defendant.

trict of New York pursuant to 28 U.S.C. § 1441. On September 14, 2000, the District Court granted the defendant's motion for summary judgment, finding that the Martinettis could not demonstrate that the facially valid arrest warrant was obtained through "fraud, perjury, or the misrepresentation or falsification of evidence." Further, the District Court declined to exercise supplemental jurisdiction and remanded the remaining state law claims to New York Supreme Court. The Martinettis thereafter appealed to this court.

We review orders granting summary judgment *de novo,* focusing our inquiry on whether the district court properly concluded that the moving party was entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999); *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202–03 (2d Cir.1995). To do this, we resolve all ambiguities and factual inferences in favor of the party against whom summary judgment was granted. *See, e.g., Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc. .,* 182 F.3d 157, 160 (2d Cir.1999). Summary judgment, however, cannot be defeated simply by conclusory allegations. *See Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir.1996). Instead, the non-moving party must come forward with specific facts that create a genuine issue for trial. *See, e.g., West–Fair Elec. Contractors v. Aetna Cas. & Sur. Co.,* 78 F.3d 61, 63 (2d Cir.1996) (per curiam).

▌ Despite our concerns with the conduct of the New Hartford Police Department in this case, we find that the judgment of the District Court must be affirmed, albeit for somewhat different reasons than relied upon by the District Court. First, as noted by the District Court, a claim for false arrest cannot stand if probable cause existed at the time of the arrest. *See Singer v. Fulton County Sher-*

*iff,* 63 F.3d 110, 118–19 (2d Cir.1995), *cert. denied,* 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). While an arrest pursuant to a facially valid arrest warrant is presumed to be made with probable cause, *see Artis v. Liotard,* 934 F.Supp. 101, 103 (S.D.N.Y.1996), "[a] plaintiff can demonstrate that this right [not to be arrested without probable cause] was violated where the officer submitting the probable cause affidavit" acted "with reckless disregard for the truth." *Soares v. Conn.,* 8 F.3d 917, 920 (2d Cir.1993) (quoting *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991)). Lt. O'Neill's actions in ignoring exonerating information offered to him and then causing an arrest warrant to be issued without further investigation could be construed as acting in "reckless disregard for the truth," thereby rebutting the presumption of probable cause. *Id.* Yet even if Lt. O'Neill's actions were reckless, to sustain a § 1983 cause of action against a municipality such as New Hartford, the Martinettis must be able to show that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers" or that the actions were done "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Serv. of City of N.Y.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Martinettis have not alleged that New Hartford had either a policy or custom of ignoring exonerating evidence presented to a police officer, much less presented evidence establishing a triable factual issue. Therefore, their cause of action against the city based on Lt. O'Neill's conduct cannot stand.

For similar reasons, the Martinettis' claim based on the actions of Topor also must fail. The Martinettis contend that the arrest warrant was obtained by false and fraudulent means because the Certificate of Protest prepared by Topor contained material misrepresentations. An arrest warrant procured by "fraud, perjury or the misrepresentation or falsification of evidence" can overcome the presumption of probable cause. *Artis,* 934 F.Supp. at 103. However, even accepting this argument, the Martinettis have brought forth no evidence that Topor's actions in preparing the allegedly invalid Certificate of Protest were pursuant to an official policy of New Hartford or that the town supervised or directed her actions. There is no evidence in the record that Topor used resources of the New Hartford Police Department or that her check protesting activities fall within the scope of her employment. The fact that the Police Department has used Certificates of Protest prepared by Topor in the past, and that her supervisors were aware that she engaged in such activities, is insufficient to establish the existence of a custom or official policy. Therefore, without evidence that Mrs. Martinetti's arrest was the product of an official policy or unofficial custom of New Hartford, their § 1983 claim cannot stand.

For the foregoing reasons, the decision of the District Court is AFFIRMED.