■ ANTHONY J. MARTINETTI, III, et al., Appellants-Respondents, v TOWN OF NEW HARTFORD POLICE DEPARTMENT et al., Respondents-Appellants. [763 NYS2d 189] —Appeal and cross appeal from an order of Supreme Court, Oneida County (Ringrose, J.), entered April 15, 2002, which granted in part defendants' motion for summary judgment and dismissed the first, fifth, sixth, seventh and ninth causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of defendants' motion seeking summary judgment dismissing the first cause of action and the sixth cause of action as it pertains to the training and supervision of the police, reinstating the first cause of action and that part of the sixth cause of action, granting that part of defendants' motion seeking dismissal of the claim for punitive damages and dismissing that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs appeal and defendants, Town of

New Hartford Police Department and Town of New Hartford (collectively, Town), cross-appeal from an order that granted in part the Town's motion for summary judgment and dismissed the first, fifth, sixth, seventh and ninth causes of action. Plaintiffs commenced this action seeking to recover damages for injuries arising from the arrest of Phyllis Ann C. Martinetti (plaintiff) on a warrant for the charge of issuing a bad check (Penal Law § 190.05 [1]). The charge subsequently was dismissed pursuant to an adjournment in contemplation of dismissal.

We agree with plaintiffs that Supreme Court erred in granting that part of the Town's motion seeking summary judgment dismissing the first cause of action for false arrest. Contrary to plaintiffs' contention, the court did not err in refusing to give collateral estoppel effect to a decision of the United States Court of Appeals, Second Circuit, dismissing plaintiffs' 42 USC § 1983 claim (*Martinetti v Town of New Hartford Police Dept.*, 12 Fed Appx 29 [2001]). The Second Circuit indicated therein that, notwithstanding the warrant, there was an issue of fact whether the arrest was made with probable cause (*id.* at 32) and thus it did not decide the issue of probable cause on the merits (*see Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 101 [1998]; *Queensboro Farm Prods. v General Acc. Ins. Co.*, 254 AD2d 341, 342 [1998]). Nevertheless, on this record there is an issue of fact whether the warrant was procured by the police in reckless disregard for the truth after refusing to consider exculpatory evidence presented to them by plaintiff husband (*see Martinetti*, 12 Fed Appx at 32; *see also Golino v City of New Haven*, 950 F2d 864, 870-871 [1991], *cert denied sub nom. Lillis v Golino*, 505 US 1221 [1992]; *see generally Franks v Delaware*, 438 US 154, 155-156 [1978]), and thus the court should not have dismissed the first cause of action. We therefore modify the order by denying that part of the Town's motion seeking summary judgment dismissing the first cause of action and reinstating that cause of action.

We further conclude that the court properly denied that part of the Town's motion seeking summary judgment dismissing the third cause of action for assault. There is an issue of fact whether the actions of the police in taking plaintiff into custody were " 'objectively reasonable, especially since there is no evidence or suggestion that she posed a risk of flight, attempted to resist or evade arrest, or threatened the peace, property or safety of anyone' " (*Harvey v Brandt*, 254 AD2d 718, 719 [1998], quoting *Alexis v McDonald's Rests. of Mass., Inc.*, 67 F3d 341, 353 [1995]).

Additionally, we conclude that, although the court properly granted that part of the Town's motion seeking summary judgment dismissing the fifth cause of action alleging negligence on the part of the police (*see Ellsworth v City of Gloversville*, 269 AD2d 654, 656-657 [2000]), it erred in granting that part of the motion seeking summary judgment dismissing the sixth cause of action insofar as that cause of action alleges that the Town failed to train and supervise the police properly (*see Barr v County of Albany*, 50 NY2d 247, 257 [1980]). The Town did not meet its initial burden on the motion with respect to that cause of action as it pertains to the training and supervision of the police, and thus the court should have denied that part of the motion, "regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). We therefore further modify the order by denying that part of the Town's motion seeking summary judgment dismissing the sixth cause of action as it pertains to the training and supervision of the police and by reinstating that part of the sixth cause of action.

We also conclude that the court properly granted that part of the Town's motion seeking summary judgment dismissing the seventh cause of action for libel (*see Wiener v Weintraub*, 22 NY2d 330, 331 [1968]; Restatement [Second] of Torts § 587) and the ninth cause of action for intentional infliction of emotional distress (*see Christenson v Gutman*, 249 AD2d 805, 808-809 [1998]). Finally, we conclude that the court erred in failing to dismiss the claim for punitive damages, "as punitive damages cannot be assessed against a municipality" (*Rekemeyer v Cerone*, 252 AD2d 22, 26 [1999]). Although the Town raises that contention for the first time on appeal, it presents an issue of law appearing on the face of the record that could not have been avoided had it been raised in Supreme Court (*see Wilkins v Huber*, 303 AD2d 986 [2003]). We therefore additionally modify the order by granting that part of the Town's motion seeking dismissal of the claim for punitive damages and dismissing that claim. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.