Edward **VINES**, Plaintiff

v.

Eugene V. **CALLAHAN**,
et al.   **Defendants**

No. CIV.A. 3–99–CV–1746J.

United States District Court,
D. Connecticut.

Jan. 13, 2005.

Edward Vines, Suffield, CT, pro se.

James V. Minor, City of Stamford Office of Legal Affairs, Stamford, CT, for Defendants.

**RULING ON DEFENDANTS'
MOTIONS FOR SUMMARY
JUDGMENT [DKT. NO. 39]**

HALL, District Judge.

Plaintiff Edward Vines filed this action on September 9, 1999, alleging violations of his civil rights by the City of Stamford and officers of the Stamford Police Department. The Second Amended Complaint, filed June 18, 2003, alleges that the City of Stamford and three officers of the Stam-

ford Police Department, Officer Thomas McGinty, Officer Elaine Esposito, and Sergeant Nick Montagnese violated his civil rights by falsely arresting and maliciously prosecuting him for the May 11, 1998 robberies of Carlos Medina, Damian Addison, and Jermaine Snell. Second Amended Compl. [Dkt. No. 19]. All defendants now move for summary judgment on the following grounds: (1) this case is a collateral attack on Vines' criminal conviction for the robbery of Daryl Petit; (2) the arrest and prosecution of Vines was supported by probable cause; (3) Vines cannot state a cause of action for false arrest on the grounds that the officers' failed to investigate his alibi; and (4) he cannot state a claim for damages.

## I. FACTS

The facts are viewed in the light most favorable to non-moving party, the plaintiff.[1] On the evening of May 10 and early morning of May 11, 1998, Carlos Medina, Damian Addison, Jermaine Snell, and Daryl Petit were robbed in Stamford, Connecticut. [Dkt. No. 47] ¶ 2. On May 11, 1998, Edward Vines was arrested for the robbery of Petit based on Petit's description of the car driven by the three men who robbed him; the discovery of Petit's stolen watch in a bush three feet from a car fitting that description; and Petit's on-the-scene identification of Vines near that car. *Id.* ¶ 27. Eight days later he was arrested, pursuant to a warrant, for the robberies of Medina, Addison, and Snell. *Id.* at ¶ 13. The arrest warrant included

the following facts: after the police arrested Vines for the robbery of Daryl Petit, they found in his possession a Stamford High School ring inscribed with the name of Carlos Medina, who gave a sworn statement that he had been robbed of his high school ring on the evening of May 10, 1998;[2] Medina identified Vines from a photograph array and identified property found in Vines' possession or that of his alleged accomplices; Damian Addison provided a sworn statement describing a robbery by three persons armed with a pistol and a rifle; Jermaine Snell told two police officers (who are not defendants) of a robbery by three armed males, one of whom he identified as an acquaintance, Torrick Johnson; and a number of items belonging to Medina and Addison were found in the car driven by Vines on the night in question. *Id.* at ¶

Each of the police officer defendants provides an affidavit describing the events of May 10 and 11, 1998. [Dkt. Nos. 40, 41, and 42]. The defendant police officers also provided incident reports and documentation with respect to those events as well as the warrant for Vines' arrest and the application in its support. [Dkt. Nos. 40 and 41]. According to his affidavit [Dkt. No. 41] and an Incident Report filed May 11, 1998 [Dkt. No. 41] at C–1, Montagnese was alerted by a nurse at Stamford Hospital that an individual had walked into the hospital claiming that he had just been robbed and assaulted. The individual, Daryl Petit, told Montagnese where the robbery had taken place. He described three

---

1. The plaintiff has failed to provide a complete Local Rule 56(a)(2) Statement, admitting or denying each paragraph of the defendants' Local Rule 56(a)(1) Statement [Dkt. No. 47]. Therefore, the court takes each of the defendants' alleged facts in its 56(a)(2) Statement as admitted. On December 20, the court ordered the plaintiff to produce exhibits cited in his papers opposing the instant motion. The plaintiff failed to respond to that order. Thus, conclusory statements made by

the plaintiff without support or with citation to exhibits that have not been produced to the court will not be considered for the purposes of this motion.

2. Vines disputes the police officers' account of where the ring was found. They claim it was on his finger. He alleges that it was in his pocket. [Dkt. No. 53] ¶¶ 10, 11. This dispute is not material to the pending motion.

assailants, two of whom were armed with a shotgun and a gun. The third was seated in the driver's seat of an older, two-toned brown and tan Chevrolet in which all three fled following the robbery. He also told Officer Montagnese that they had taken forty dollars and a watch. Petit described all three of his assailants in some detail. *Id.* at C–3.

Two officers, neither of whom is named as a defendant in this case, were dispatched to locate the described car and suspects. *Id.* at C–7. Officer Mann saw three men kneeling beside a "two tone brown vehicle." *Id.* at C–10. When he was notified that a car and three individuals generally matching the description provided by Petit had been located, Officer Montagnese brought the victim to the area and the car, the plaintiff, Curtis Vines, and Torrick Johnson were all positively identified by Petit. *Id.* at C–4. Among the items seized from the three arrestees was a high school ring inscribed with the name of Carlos Medina. *Id.* at C–6, C–16. A watch matching the description of that taken from Petit was found on Vines. *Id.* at C–10. In addition, a shot gun was found in the bushes a few feet from the car. *Id.* at C–11. A twenty-two caliber revolver was found about a block away. *Id.* at C–12. That night, the three suspects, including the plaintiff, were arrested for the robbery of Daryl Petit.

The plaintiff provided the same alibi for all four robberies. He claimed to be at his father's house until midnight on the night of May 11, 1998. Affidavit of Officer Thomas McGinty [Dkt. No. 40] at ¶ 6. In the course of investigating the crime, officers contacted Carlos Medina, whose name was inscribed on the ring found in Vines' possession when he was arrested. When contacted by police, Medina provided a sworn statement that he and his friends, Damian Addison and Jermaine Snell, had been robbed by three black men, two of whom carried guns, a rifle and a smaller pistol. *Id.* at B–4. Medina's sworn statement described his high school ring in detail. It also described other property that the three men stole that night. Medina picked Vines' picture out of three sets of lineup photos. *Id.* at ¶ 9. Mr. Addison then signed a sworn statement and identified property that had been stolen from him that had later been found in the possession of the suspects. When located by police officers, Jermaine Snell confirmed the story and identified one of the three people who robbed him as Torrick Johnson, a former high school classmate of his. *Id.* at ¶ 13.

A search warrant for the car was obtained on the basis of the sworn statements as well as the items, believed to be stolen, found in Vines' possession when he was arrested for the robbery of Daryl Petit on May 11, 1998. *Id.* at B–7 to B–10. On May 14, police officers obtained an arrest warrant for Edward Vines for the armed robbery of Medina, Addison, and Snell on the basis of the sworn statements of the victims as well as the fact that items belonging to the three victims were found in the vehicle near which he had been found on the night of May 11 and in Vines' property locker following his May 11 arrest for the robbery of Petit. *Id.* at B–19a.

Vines was not convicted of the robberies of Medina, Addison, and Snell. He was convicted for the robbery of Petit, for which he was sentenced to twenty years imprisonment, and also convicted of two counts of witness tampering, of Daryl Petit and Carlos Medina, for which he was sentenced to a total of eight years imprisonment.

## II. DISCUSSION

### A. Standard

In a motion for summary judgment, the burden is on the moving party to establish

that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See,* FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White v. ABCO Eng'g Corp.,* 221 F.3d 293, 300 (2d Cir.2000). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact ....' " *Miner v. Glens Falls,* 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Anderson,* 477 U.S. at 256, 106 S.Ct. 2505 (1986). The nonmoving must present "significant probative evidence to create a genuine issue of material fact." *Soto v. Meachum,* Civ. No. B–90–270 (WWE), 1991 WL 218481, at *6 (D.Conn. Aug. 28, 1991). Further, a party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion

for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the non-moving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir.1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. *See Securities & Exchange Comm'n v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995). *See also Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible).

**B. Jurisdiction**

■ The defendants assert four grounds for their motion for summary judgment. The first of these is jurisdictional. Citing *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the defendants argue that the instant case constitutes an impermissible collateral attack on his conviction for the robbery of Petit. The instant case does not allege, however, that the defendants falsely arrested or maliciously prosecuted Vines for the robbery of Daryl Petit. It is possible that authorities may have arrested or prosecuted Vines for numerous crimes where there was probable cause to arrest for one crime

but not the others. Finding that the defendants' first argument has no merit, the court will proceed to consider the merits of the defendants' other bases for their motion for summary judgment.

## C. Probable Cause

Next, the defendants argue that the plaintiff has failed to assert sufficient facts to create a question of material fact with respect to the existence of probable cause to support his arrest and prosecution for the robberies of Medina, Addison, and Snell.

█ "To establish a claim for false arrest under 42 U.S.C. § 1983, a plaintiff must show that 'the defendant intentionally confined him without his consent and without justification.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir.2004), *quoting Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996). "Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." *Escalera*, 361 F.3d at 743. A lack of probable cause is also a necessary element in a section 1983 claim for malicious prosecution. In the Second Circuit, the elements of a section 1983 claim for malicious prosecution in violation of the Fourth Amendment are borrowed from state common law. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 114 (2d Cir. 1995). In Connecticut, one of three elements of the common law tort of malicious prosecution, in the case of criminal prosecution, or vexatious litigation, in the case of civil litigation, is a lack of probable cause. *Vandersluis v. Weil*, 176 Conn. 353, 356, 407 A.2d 982 (1978) ("To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor.") (internal citations omitted). Therefore, if

there is no question of material fact that probable cause to arrest and prosecute Vines existed, summary judgment must enter for the defendants.

█ The facts as alleged by the defendants and supported by affidavits and admissible exhibits support a finding that more than sufficient probable cause existed to arrest and prosecute Vines for the robbery of Medina, Addison, and Snell. "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution in the belief that (1) an offense has been or is being committed (2) by the person to be arrested." *United States v. Fisher*, 702 F.2d 372, 375 (2d Cir.1983). Because he was arrested pursuant to a facially valid arrest warrant, Vines must "rebut the presumption of probable cause created by the issuance of the arrest warrant." *Artis v. Liotard*, 934 F.Supp. 101, 103 (S.D.N.Y.1996); *see also Simms v. Village of Albion, N.Y.*, 115 F.3d 1098 (1997).

While Vines fails to include a complete Local Rule 56(a)(2) Statement, he does include a statement of material disputed facts. [Dkt. No. 53]. The only one of the seven disputed factual issues alleged by the plaintiff that is material to the question of whether probable cause to arrest existed is his allegation that "the defendants acted outside the scope of their duties by coercing witnesses into signing statements and giving testimony." *Plaintiff's Statement of Disputed Factual Issues* [Dkt. No. 53] at ¶ 1. The plaintiff, however, provides no evidentiary support for this statement.[3] The plaintiff can have no personal knowledge of such facts and his affidavit does not constitute admissible evidence to support his contention. "[R]eliance upon conclusory statements or mere allegations is

---

**3.** In his Declaration in Opposition to Defen-    dant's Motion for Summary Judgment, Vines

not sufficient to defeat a summary judgment motion." *Davis v. New York,* 316 F.3d 93, 100 (2d Cir.2002). Vines' allegations that police misconduct resulted in his arrest and prosecution do not by themselves create a question of material fact. Vines must "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Because he fails to do so, the court finds that there is no genuine issue of material fact in dispute.[4] Therefore, summary judgment is appropriate. The facts before the court provide ample support for a finding that probable cause existed to arrest and prosecute Vines. Indeed, because the was arrested pursuant to a facially valid warrant, there is a presumption that the arrest was made with probable cause and the court is provided with nothing to suggest that Vines can prove otherwise.

Because the court finds that the defendants had probable cause to arrest and prosecute Vines for the robberies of Medina, Addison, and Snell, the remaining two grounds on which defendants move for summary judgment need not be reached.

### III. CONCLUSION

For the reasons discussed above, the defendants' motion for summary judgment is GRANTED.

**SO ORDERED**

---

cites "Plaintiff's Ex. I—page 65–66" for his allegation that "[t]he Defendants—in an act of malicious prosecution—overstepped their boundaries by offering and doing favors for potential witnesses in exchange for their testimony." [Dkt. No. 53] at ¶ 9. There are no Plaintiff's Exhibits in the court record, either attached to the Declaration or otherwise.

Vines' other allegations that the police officer defendants encouraged or provided false testimony relate to Vines' later conviction for witness tampering and are not relevant to this case. *See id.* at ¶ 15.

4. See note 1, supra.