Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. (2024 NY Slip Op 24111)

[*1]

Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co.

2024 NY Slip Op 24111

Decided on March 15, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-129 K C

Burke Physical Therapy, P.C., as Assignee of Rush, Kanice, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Heela D. Capell, J.), dated September 16, 2022. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment.

ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court granting defendant's motion for summary judgment dismissing the complaint and denying, as moot, plaintiff's cross-motion for summary judgment while declining to consider plaintiff's additional papers submitted in support of its cross-motion for summary judgment.
Defendant moved for summary judgment on the ground that it had timely and properly denied plaintiff's claims based upon plaintiff's failure to timely provide requested written verification (see 11 NYCRR 65-3.5 [o]). According to defendant, after receipt of the subject NF-3 forms on July 23, 2018 and July 30, 2018, it mailed a letter to plaintiff on August 14, 2018 scheduling an examination under oath (EUO) to be held on September 14, 2018. Plaintiff appeared at the EUO on September 14, 2018. Defendant then requested written verification from plaintiff by letter dated September 18, 2018, with a follow up to that request dated October 19, 2018. On February 4, 2019, defendant denied the claims based upon plaintiff's failure to provide [*2]the requested written verification within 120 days of the September 18, 2018 request. Contrary to the holding of the Civil Court, we find that defendant did not establish that it had timely denied the claims at issue. 
Upon receipt of a "prescribed verification form" such as an NF-3 form (titled "verification of treatment by attending physician or other provider of health service") or an NF-4 form (titled "verification of hospital treatment"), the no-fault regulations grant an insurer the opportunity to request "additional verification required by the insurer to establish proof of claim" (11 NYCRR 65-3.5 [b]). 11 NYCRR 65-3.5 (b) provides that "[a]ny [additional verification] shall be requested within 15 business days of receipt of the prescribed verification forms" (emphasis added). An insurer is required to pay or deny a claim within 30 calendar days of its receipt of proof of claim, which consists of a prescribed verification form and any properly requested additional verification (see 11 NYCRR 65-3.8 [a]). The only exception to the 15-business-day deadline to request additional verification can be found in 11 NYCRR 65-3.8 (l), which provides, insofar as is relevant here, that any deviation from the time frame set forth in 11 NYCRR 65-3.5 (b) reduces the 30 days to pay or deny a claim by the same number of days that the request for additional verification was made after the 15th business day. (Thus, while defendant's EUO scheduling letter was one day "late" with respect to the NF-3 form, which, defendant asserts, it received on July 23, 2018, the only effect of that delay would be to reduce the time to pay or deny that claim from 30 days to 29 days. For purposes of this discussion, the scheduling letter will be referred to as "timely.") Here, defendant's September 18, 2018 request was made nearly 60 days after receipt of the first NF-3 form and more than 50 days after receipt of the second NF-3 form.
Defendant's argument on appeal is that its August 14, 2018 EUO scheduling letter tolled "the time within which it had to pay or deny plaintiff's claim until it received all additional verification," including what was requested for the first time in the September 18, 2018 letter. We agree that defendant's time to pay or deny the claims was tolled by the EUO scheduling letter, which letter was "timely" issued pursuant to 11 NYCRR 65-3.5 (b) and 65-3.8 (l), but, contrary to defendant's apparent position, that toll expired on September 14, 2018 when the EUO was conducted and proof of claim became complete (see 11 NYCRR 65-3.8 [a] [1] ["No-fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim, which shall include verification of all of the relevant information requested pursuant to section 65-3.5 of this Subpart. In the case of an examination under oath or a medical examination, the verification is deemed to have been received by the insurer on the day the examination was performed" (emphasis added)]). In any event, defendant's argument misconstrues both 11 NYCRR 65-3.8 (a), the regulatory basis for tolling, and 11 NYCRR 65-3.5 (b), which permits an insurer to request additional verification within 15 business days of receipt of a prescribed verification form. It was defendant's time to pay or deny plaintiff's claims that was tolled, pursuant to 11 NYCRR 65-3.8 (a), by the timely EUO scheduling letter—not defendant's time to request additional verification under 11 NYCRR 65-3.5 (b). Any requests for additional verification must be made within 15 business days of receipt of the prescribed verification form, subject to the minor allowance set forth in 11 NYCRR 65-3.8 (l), and, as previously explained by this court, the regulations do not provide that a toll of the time to pay or deny a claim created by a timely additional verification request also "grants an insurer additional opportunities to make [*3]requests for verification that would otherwise be untimely" (Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Indeed, an original request for additional verification (see 11 NYCRR 65-3.5 [b]) made more than 30 calendar days after receipt of a prescribed verification form, i.e., an NF-3 form or NF-4 form, is a nullity as to that claim, regardless of any toll of the time to pay or deny the claim that might be in effect (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 2015 NY Slip Op 51220[U]; O & M Med., P.C. v Travelers Indem. Co., 2015 NY Slip Op 50476[U]).
We note that there is another provision in the regulations regarding additional verification, 11 NYCRR 65-3.6 (b), which states that, "[a]t a minimum, if any requested verifications [i.e., additional verification] has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested." In Quality Health Supply Corp. v Nationwide Ins. (216 AD3d 1013, 1014 [2023]), the Appellate Division, Second Department, held that 11 NYCRR 65-3.6 (b) permitted a no-fault insurer, where there had been an "original" request for an EUO that was timely made pursuant to 11 NYCRR 65-3.5 (b), and for which there was no appearance, to follow up on that request as often as the insurer found necessary, while the initial toll of the insurer's time to pay or deny the claim continued, as long as such follow-up requests were "timely and proper[ ]." Neither 11 NYCRR 65-3.6 (b) nor the holding in Quality Health Supply Corp. v Nationwide Ins. is applicable to the determination of this case for two reasons. First, plaintiff herein complied with defendant's original request for additional verification by appearing for an EUO on September 14, 2018; in other words, here, the "timely" requested additional verification was "supplied," whereas 11 NYCRR 65-3.6 (b) only applies where the additional verification "has not been supplied." Second, the September 18, 2018 request at issue is an "original request" seeking new verification, not a "follow up" of an "original request" seeking verification that has already been requested and "has not been supplied" by "the party from whom the verification was requested," as was the case in Quality Health Supply Corp. v Nationwide Ins.
In view of the foregoing, defendant failed to demonstrate that it timely denied the claims at issue and therefore that it was not precluded from raising the defense upon which its motion for summary judgment was based (see 11 NYCRR 65-3.8 [a] [1]; RA Med. Servs., P.C. v Lancer Ins. Co., 76 Misc 3d 129[A], 2022 NY Slip Op 50793[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Neptune Med. Care, P.C., 2015 NY Slip Op 51220[U], *1-2; O & M Med., P.C. v Travelers Indem. Co., 2015 NY Slip Op 50476[U]; cf. Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., 79 Misc 3d 132[A], 2023 NY Slip Op 50794[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]). Consequently, plaintiff correctly argues that defendant's motion for summary judgment should have been denied.
Plaintiff's cross-motion for summary judgment, although no longer moot, was properly denied, as plaintiff failed to demonstrate the absence of any material issue of fact (see CPLR 3212 [b]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Finally, contrary to plaintiff's argument, the denial of defendant's motion for summary judgment in a declaratory judgment action brought in the Supreme Court, Nassau County, has no [*4]preclusive effect on this case as it was not a final determination on the merits (see Queensboro Farm Prods. v General Acc. Ins. Co., 254 AD2d 341, 342 [1998]; Metro Health Prods., Inc. v Nationwide Ins., 48 Misc 3d 85, 86-87 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Thus, we need not consider plaintiff's contention that the Civil Court erred in declining, on procedural grounds, to consider the submission of that decision and order.
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2024